UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANTHONY VITALE
GETAYNE GORDON
MICHAEL LYNCH
ASHREF ABDALLAH
JUBAIR ABDULLAH
KONA ABDUL-WAHAB
PHILIP ABENOJA
ARIEL ABREU
JULIO ABRUE
GERALD ACEVEDO
HECTOR ACIEGO
MICHAEL ACIERNO
DARLENE ACOSTA-PEREZ
ALBERT ADAMES
ANTHONY ADAMES
OMAR ADAMS
SALVATORE AGLIALORO
ANDREW AGNEW
ANTHONY AGOGLIA
PASCUAL AGOSTO
CHRISTIAN AGUAYO
EDWIN AGUILAR
FRANCISCO AGUILAR
NICHOLAS AGUILAR
JOSEPH AIME
ALEXANDROS ALAFOYIANNIS
STEPHEN ALFANO
JOSEPH ALFINITO and all others similarly situated

                                        Plaintiffs,

              -against-

CITY OF NEW YORK,

                                        Defendant.
------------------------------------------------------------------------X

**ANSWER**

1:25-cv-01129-MKV

Defendant the CITY OF NEW YORK by and through its undersigned counsel, Jackson Lewis, P.C., hereby files its Answer and Defenses to Plaintiff Anthony Vitale et al. ("Plaintiffs") Complaint ("Complaint"), and states as follows:

### AS TO "INTRODUCTION"

1.      Defendant admits that Plaintiffs purports to proceed as set forth in Paragraph "1" of the Complaint but denies that Plaintiffs are entitled to any relief whatsoever.

2.      Defendant denies each and every allegation set forth in Paragraph "2" of the Complaint, except admits that Plaintiffs purport to bring this action for alleged violations of the 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA").

### AS TO "PARTIES"

3.      Defendant denies each and every allegation set forth in Paragraph "3" of the Complaint, except admits that the Complaint purports to identify Plaintiffs in the caption and Defendant respectfully refers the Court to the "consents" filed in this action for their full content and meaning.

4.      Paragraph "4" of the Complaint, sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph "4" of the Complaint.

5.      Defendant admits that it has a principal place of business located at Broadway and Park Row, New York, NY 10007 and that the City of New York generally accepts otherwise proper service of process at the Office of Corporation Counsel, 100 Church Street, New York, New York 10007. The remainder of Paragraph "5" of the Complaint sets forth legal conclusions to which no response is required.

### AS TO "JURISDICTION AND VENUE"

6.      Defendant denies each and every allegation set forth in Paragraph "6" of the Complaint, except admits this Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1331 and 29 U.S.C. §216 (b), but denies Plaintiffs are entitled to any relief.

7.      Defendant denies each and every allegation contained in Paragraph "7" of the Complaint, except admits that the Southern District of New York is a venue in which this action may be brought.

### AS TO "FACTS"

8.      Defendant denies each and every allegation contained in Paragraph "8" of the Complaint, except admits some Plaintiffs have held the titles variously referred to as Sanitation Worker, but denies that each Plaintiff held each title.

9.      Defendant denies each and every allegation contained in Paragraph "9" of the Complaint, except avers that Michael Lynch, Anthony Vitale, and Getayne Gordon worked for Defendant for a period of time.

10.     Defendant denies each and every allegation contained in Paragraph "10" of the Complaint.

11.     Defendant denies each and every allegation contained in Paragraph "11" of the Complaint.

12.     Defendant denies each and every allegation contained in Paragraph "12" of the Complaint.

13.     Defendant denies each and every allegation contained in Paragraph "13" of the Complaint.

### AS TO "DEFENDANT'S FAIR LABOR STANDARDS ACT VIOLATIONS ARE WILLFUL"

14.     Defendant denies each and every allegation contained in Paragraph "14" of the Complaint.

15.     Defendant denies each and every allegation contained in Paragraph "15" of the Complaint.

16.     Defendant denies each and every allegation contained in Paragraph "16" of the Complaint.

17.     Defendant denies each and every allegation contained in Paragraph "17" of the Complaint, except avers that Defendant use CityTime.

18.     Defendant denies each and every allegation  contained in Paragraph "18" of the Complaint, and refers the Court to the docket of the case cited in Paragraph "18" for the full scope of all covered parties, issues and releases.

19.     Defendant denies each and every allegation contained in Paragraph "19" of the Complaint, and refers the Court to the docket of the cases cited in Paragraph "19" for the full scope of all covered parties, issues and releases.

20.     Defendant denies each and every allegation contained in Paragraph "20" of the Complaint, and refers the Court to the docket of the cases cited in Paragraph "20" for the full scope of all covered parties, issues and releases.

21.     Defendant denies each and every allegation contained in Paragraph "21" of the Complaint.

22.     Defendant denies each and every allegation contained in Paragraph "22" of the Complaint.

23.     Defendant denies each and every allegation contained in Paragraph "23" of the Complaint.

24.     Defendant denies each and every allegation contained in Paragraph "24" of the Complaint and refers the Court to the docket of the case cited in Paragraph "24" for the full scope of all covered parties, issues and releases.

25.     Defendant denies each and every allegation contained in Paragraph "25" of the Complaint.

26.     Defendant denies each and every allegation contained in Paragraph "26" of the Complaint .

27.     Defendant denies each and every allegation contained in Paragraph "27" of the Complaint and refers the Court to the docket of the case cited in Paragraph "27" for the full scope of all covered parties, issues and releases.

## AS TO "UNCOMPENSATED WORK PERFORMED BY PLAINTIFFS"

28.     Defendant denies each and every allegation contained in Paragraph "28" of the Complaint.

29.     Defendant denies each and every allegation contained in Paragraph "29" of the Complaint.

30.     Defendant denies each and every allegation contained in Paragraph "30" of the Complaint.

31.     Defendant denies each and every allegation contained in Paragraph "31" of the Complaint.

32.     Defendant denies each and every allegation contained in Paragraph "32" of the Complaint.

33.    Defendant denies each and every allegation contained in Paragraph "33" of the Complaint.

34.    Defendant denies each and every allegation contained in Paragraph "34" of the Complaint.

35.    Defendant denies each and every allegation contained in Paragraph "35" of the Complaint.

36.    Defendant denies each and every allegation contained in Paragraph "36" of the Complaint, except avers that Lynch, Vitale, and Gordon worked for Defendant for a period of time.

37.    Defendant denies each and every allegation contained in Paragraph "37" of the Complaint.

**AS TO "RATE AT WHICH OVERTIME IS PAID TO PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED"**

38.    Defendant denies each and every allegation contained in Paragraph "38" of the Complaint.

39.    Defendant denies each and every allegation contained in Paragraph "39" of the Complaint.

40.    Defendant denies each and every allegation contained in Paragraph "40" of the Complaint.

41.    Defendant denies each and every allegation contained in Paragraph "41" of the Complaint.

42.    Defendant denies each and every allegation contained in Paragraph "42" of the Complaint.

43.    Defendant denies each and every allegation contained in Paragraph "43" of the Complaint.

## AS TO "COLLECTIVE ACTION ALLEGATIONS"

44.    Defendant denies each and every allegation contained in Paragraph "44" of the Complaint.

45.    Defendant denies the allegations contained in Paragraph "45" of the Complaint.

46.    Defendant denies each and every allegation contained in Paragraph "46" of the Complaint.

47.    Defendant denies each and every allegation contained in Paragraph "47" of the Complaint.

48.    Defendant denies each and every allegation contained in Paragraph "48" of the Complaint.

49.    Defendant denies each and every allegation contained in Paragraph "49" of the Complaint.

50.    Defendant denies each and every allegation contained in Paragraph "50" of the Complaint.

51.    Defendant denies each and every allegation contained in Paragraph "51" of the Complaint.

52.    Defendant denies each and every allegation contained in Paragraph "52" of the Complaint.

53.    Defendant denies each and every allegation contained in Paragraph "53" of the Complaint, except that Plaintiffs purports to proceed as set forth in Paragraph "53" of the Complaint but denies that Plaintiffs are entitled to any relief whatsoever.

**AS TO "FAILURE TO PAY OVERTIME FOR ALL HOURS PLAINTIFFS ARE SUFFERED OR PERMITTED TO WORK IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)"**

54.    Defendant hereby incorporates by reference Paragraphs "1" through "53" in their entirety and restate herein.

55.    Defendant denies each and every allegation contained in Paragraph "55" of the Complaint.

56.    Paragraph "56" sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph "56" of the Complaint and refers the Court to the statute cited for its full content and meaning.

57.    Paragraph "57" sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph "57" of the Complaint and refers the Court to the statute cited for its full content and meaning.

58.    Defendant denies each and every allegation contained in Paragraph "58" of the Complaint.

59.    Defendant denies each and every allegation contained in Paragraph "59" of the Complaint.

**AS TO "FAILURE TO PROPERLY CALCULATE THE REGULAR RATE OF PAY IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)"**

60.     Defendant hereby incorporates by reference paragraphs "1" through "59" in their entirety and restates them herein.

61.     Paragraph "61" sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph "61" of the Complaint and refers the Court to the statute cited for its full content and meaning.

62.     Paragraph "62" sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph "62" of the Complaint and refers the Court to the statute cited for its full content and meaning.

63.     Defendant denies each and every allegation contained in Paragraph "63" of the Complaint.

64.     Defendant denies each and every allegation contained in Paragraph "64" of the Complaint.

**AS FOR "DEMAND FOR A JURY TRIAL"**

65.     Defendant denies that Plaintiffs are entitled to a jury trial.

**AS FOR "PRAYER FOR RELIEF"**

66.     Defendant denies the allegations contained in Plaintiffs' "Prayer for Relief," including specifically subparagraphs (a) through (e).

**AS AND FOR AFFIRMATIVE AND OTHER DEFENSES**

67.     Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have:

**AS AND FOR A FIRST DEFENSE**

68.    Plaintiffs fail to state a claim upon which relief may be granted either on their behalf or on behalf of those persons whom they purport to represent.

## AS AND FOR A SECOND DEFENSE

69.    Plaintiffs' claims should be dismissed to the extent they are barred, in whole, or in part, by the applicable limitations periods.

## AS AND FOR A THIRD DEFENSE

70.    The Complaint is barred, in whole or in part, pursuant to the Portal-to-Portal Act.

## AS AND FOR A FOURTH DEFENSE

71.    Plaintiffs' claims are barred, in whole or in part, by the de minimis doctrine.

## AS AND FOR A FIFTH DEFENSE

72.    Plaintiffs' claims should be dismissed to the extent they are bared in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses.

## AS AND FOR A SIXTH DEFENSE

73.    This case may not be maintained as a collective action because Plaintiffs are not similarly-situated to the other individuals they purport to represent.

## AS AND FOR A SEVENTH DEFENSE

74.    This case is not appropriate for collective action treatment or joinder because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to the purported collective action members.

## AS AND FOR AN EIGHTH DEFENSE

75.    Plaintiffs' claims for damages are barred or limited by Defendants' good faith efforts to comply with the applicable law 29 U.S.C. § 260.

10

## AS AND FOR A NINTH DEFENSE

76.     Payments to Plaintiffs were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor. 29 U.S.C. §259.

## AS AND FOR A TENTH DEFENSE

77.     Plaintiffs were properly paid overtime in accordance with 29 U.S.C. § 207 (k).

## AS AND FOR A ELEVENTH DEFENSE

78.     Plaintiffs' Complaint should be dismissed to the extent resolution of the FLSA claim is dependent on an interpretation of the parties' collective bargaining agreement.

## AS AND FOR A TWELFTH  DEFENSE

79.     To the extent any members of the putative classes have signed a release and/or are subject to waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

80.     In addition to the foregoing defenses, Defendant retain the right to amend their Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiffs or any putative class member who joins this action as those claims become known during this litigation.

        **WHEREFORE**, Defendant respectfully requests that the Court:

1.     Dismiss Plaintiffs' Complaint in its entirety, with prejudice;

2.    Deny each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint;

3.    Award Defendants reasonable attorneys' fees and costs incurred in defending against this meritless action; and

4.    Grant such other further relief as the Court deems just and proper.

Dated: New York, New York
       May 5, 2025

Respectfully submitted,
JACKSON LEWIS P.C.
*Attorneys for Defendant*
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

By:    *s/Felice B. Ekelman*
       Felice B. Ekelman
       Adam Gross
       Annabel R. Stanley