

June 26, 2025

**VIA ECF**
Hon. Mary Kay Vyskocil
U.S. District Judge
United States District Court
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Vitale, et al. v. City of New York,* No. 1:25-cv-1129

Dear Judge Vyskocil:

      I represent the Plaintiffs and write on behalf of all Counsel. On June 6, 2025, the Court issued an Order granting the Parties' request for referral to mediation through the Court's FLSA Mediation Program. (Dkt. 130). That Order required the Parties to, *inter alia*, schedule mediation of this FLSA case involving the claims of 2,575 Sanitation Workers seeking overtime pay for unpaid and underpaid overtime work within 30 days, and to submit their Case Management Plan on June 27, 2025. As explained below, the Parties have scheduled their Mediation. However, for the foregoing reasons, the Parties request that the deadline for submitting their Case Management Plan be stayed until 7 days after their November 10, 2025, Mediation.

      On June 5, 2025, Plaintiffs provided Defendant with a listing of the 2,575 Plaintiffs in the lawsuit, along with their social security numbers, and the date that each Plaintiff's consent to join form was filed in Court. On June 10, Defendant identified 50 Plaintiffs who had provided incorrect SSNs and 41 Plaintiffs who, based on Defendant's review of data, did not occupy a Sanitation Worker position during the recovery period. Plaintiffs notified all 41 Plaintiffs whom Defendant claims are ineligible to participate. These Plaintiffs have until July 3rd to dispute Defendant's data. The Parties will then jointly dismiss the Plaintiffs who are ineligible. Additionally, on June 26, 2025, Plaintiffs provided Defendant with corrections to 45 of the 50 incorrect SSNs and Defendant has agreed to attempt to locate the correct SSNs for the last five Plaintiffs.

      Defendant is in the process of using the corrected Plaintiff listing to pull, process, and produce the CityTime (punch) and FISA (payroll) data for all Plaintiff Sanitation Workers to aid in the Parties' settlement efforts. Defendant anticipates that it will be able to produce all FISA and CityTime data by mid-July. Thereafter, Plaintiffs' expert will analyze that data and build a damages model. Plaintiffs anticipate that they will be in a position to provide Defendant with a settlement demand, their damages model, and all underlying programming by mid-August.

Defendant will then need time for its expert to review the model and suggest modifications. Counsel for the Parties will, thereafter, work to identify areas of agreement regarding Plaintiffs' calculations. Defendant will then need time to obtain settlement authority from the Comptroller to make a counter-offer. Obtaining authority in a case of this size can take up to four to six weeks.

On June 24, 2025, the Parties participated in a scheduling call with the assigned FLSA Mediation Office Mediator and explained the foregoing process to him. So as to have a productive mediation, which means allowing time for the City to obtain the necessary settlement authority to resolve this litigation, the Parties and Mediator agreed to the following schedule:

- **October 13, 2025 -** Joint Status Report regarding status of settlement communications due to Mediator

- **October 27, 2025 -** Confidential Mediation Statements due to Mediator

- **November 10, 2025 -** In-Person Mediation at the Offices of Jackson Lewis

Based on the foregoing, the Parties request adjournment of the June 27, 2025, deadline requiring them to submit a Case Management Plan (Dkt. 130) so that they can focus their efforts on settlement. Absent settlement, the Parties propose that the Case Management Plan be due on **November 17, 2025**. The Parties further propose that they submit Joint Status Reports to the Court every 30 days, commencing on July 27, 2025, to apprise the Court of the status of their settlement efforts.

The Parties thank the Court for its assistance in this matter.

Sincerely,

McGillivary Steele Elkin LLP

*/s/ Molly A. Elkin*
Molly A. Elkin

cc:    All Counsel (via ECF)

---

This request for an extension is untimely. This is not the first time the parties submitted an untimely request. [ECF No. 95]. The Court again admonishes the parties to review this Court's Individual Rules of Practice in Civil Cases. [ECF No. 96].

The Proposed Case Management Plan was initially due on June 9, 2025. [ECF No. 115]. The parties have previously requested that that all deadlines, including the June 9, 2025, deadline for submitting the Proposed Case Management Plan, be stayed to allow the Parties to focus their efforts and resources on settlement. [ECF No. 123]. The Court permitted the parties an extension to June 27, 2025. [ECF No. 130]. The parties now ask to put off discovery until nearly a year after the case was initiated. The parties' second request to stay discovery until after mediation is completed is HEREBY DENIED. The deadline for the parties to file their Proposed Case Management Plan is extended to July 24, 2025.

SO ORDERED.    Date: June 26, 2025
New York, New York

Mary Kay Vyskocil
United States District Judge