USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/1/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY VITALE, GETAYNE GORDON, MICHAEL LYNCH, ASHREF ABDALLAH, JUBAIR ABDULLAH, KONA ABDUL-WAHAB, PHILIP ABENOJA, ARIEL ABREU, JULIO ABREU, GERALD ACEVEDO, HECTOR ACIEGO, MICHAEL ACIERNO, DARLENE ACOSTA-PEREZ, ALBERT ADAMES, ANTHONY ADAMES, OMAR ADAMS, SALVATORE AGLIALORO, ANDREW AGNEW, ANTHONY AGOGLIA, PASCUAL AGOSTO, CHRISTIAN AGUAYO, EDWIN AGUILAR, FRANCISCO AGUILAR, NICHOLAS AGUILAR, JOSEPH AIME, ALEXANDROS ALAFOYIANNIS, STEPHEN ALFANO, JOSEPH ALFINITO, *and all other similarly situated*,

                Plaintiff,

                -against-

CITY OF NEW YORK,

                Defendant.

1:25-cv-01129-MKV

ORDER APPROVING
SETTLEMENT

---

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs, 2,511 individuals employed as sanitation workers for the Department of Sanitation New York ("DSNY") sue Defendant, City of New York, asserting claims under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.* [ECF No. 1 (the "Complaint" or "Compl.")].  Plaintiffs allege that Defendant failed to (1) pay overtime for work performed before Plaintiffs' scheduled shifts; (2) include required differential payments in Plaintiffs' overtime pay rate; (3) properly pay an overtime rate of one and one-half time the regular rate of pay; and (4) timely pay overtime.  *See generally* Compl.; *see also* Joint Letter Requesting Settlement Approval at 1-2 ("Joint Letter" or "Joint Ltr.") [ECF No. 149].  Plaintiffs also allege that Defendant's conduct lacked good faith and entitle Plaintiffs to liquidated damages in an

amount equal to their unpaid compensation.  Compl. at 17.  On May 25, 2025, Defendant answered the complaint denying all liability and asserting affirmative defenses.  [ECF No. 113].

Thereafter, the Court referred the case to mediation under Local Civil Rule 83.9 and informed the parties that "in the event the parties reach settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015), they shall prepare a joint letter explaining the basis for the proposed settlement, including any provision for attorney fees, and why it should be approved as fair and reasonable." [ECF No. 130].  After mediation, the parties informed the Court that they had accepted the Mediator's proposal to resolve the lawsuit and would submit settlement approval papers to the Court.  [ECF No. 147].

The parties have now submitted a motion with the materials necessary for the Court to rule on the motion for settlement approval pursuant to *Cheeks*.  [ECF No. 149].  Specifically, the parties have submitted: (1) a Joint Letter explaining why their proposed settlement is fair and reasonable, which letter also addresses the reasonableness of Plaintiffs' requested attorneys' fees and costs; (2) the signed Settlement Agreement between the parties (the "Settlement Agreement") [ECF No. 149-1]; and (3) declarations, with accompanying exhibits, from Plaintiffs' counsel, Molly Elkin, Esq. ("Elkin Decl."), [ECF No. 149-3], and Hope Pordy, Esq. ("Pordy Decl.").  [ECF No. 149-4].

For the reasons set forth below, the motion for settlement approval is GRANTED.

## **DISCUSSION**

It is settled law that a compromise of FLSA claims requires approval by either the Court or the Department of Labor.  *See Cheeks*, 796 F.3d at 206.  In determining whether to approve a settlement, a district court must scrutinize the settlement for fairness and reasonableness.  *Id.* at 206-07.  In conducting this analysis, the Court considers the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. American Cancer Soc.*, No. 10-CV-3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

If attorneys' fees and costs are provided for in the settlement, the court must also evaluate the reasonableness of the fees and costs. *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). A request for attorneys' fees and costs must be supported by adequate documentation. *Id.*

## I.    The Proposed Settlement Is Fair And Reasonable

Here, the Settlement Agreement provides that Defendant will pay $4,324,337.00 in total with $2,851,995.76 (the "Net Settlement Fund") going to Plaintiffs (consisting of $2,224,298 in backpay and $627,697.76 in liquidated damages), $1,428,997.88 to Plaintiffs' counsel in the form of attorneys' fees (representing a one-third of the settlement after deducting expenses as per each Plaintiff's fee agreement), $37,343.36 to Plaintiffs' counsel in the form of litigation-related expenses, and $3,000 service awards to each of the two Plaintiffs who served as settlement team members. Joint Ltr. at 3-4, 8. The Net Settlement Fund will be distributed among the Plaintiffs via a point system, with one point being assigned for each week a Plaintiff was employed as a sanitation worker during the recovery period. Joint Ltr. at 3; Elkin Decl. ¶ 5. The recovery period is three years prior to the date of a given Plaintiff's consent-to-sue form was filed, up to

December 15, 2025,[1] or his or her last day of employment, whichever is earlier.  Joint Ltr. at 3-4.

The total points are then divided into the Net Settlement Fund to determine the dollar value of an

individual point.  Joint Ltr. at 4.

Plaintiffs' counsel has informed each of the 2,511 Plaintiffs, in writing, of the settlement

amount, the expenses, the methodology for assigning points, the value of a point, and the number

of points calculated for each Plaintiff.  Elkin Decl. ¶ 6.  There have been "no objections" from

Plaintiffs and the "handful of disputes that were submitted regarding point allocation were

investigated and resolved."  Elkin Decl. ¶ 6.

Having carefully scrutinized for fairness the settlement and the documents submitted in

support of the motion for approval, the Court concludes, for the reasons set forth below, that the

terms are fair and reasonable.

First, under the proposed settlement, Plaintiffs will receive meaningful compensation.

The total settlement amount of $4,324,337.00 represents roughly 28% of Plaintiffs' best-case

scenario if they were to continue with the litigation and prevail on all their claims.  Elkin Decl. ¶

8; Joint Ltr. at 5.  Further, after deducting all fees, expenses, and service awards, the average

settlement payment to each Plaintiff is $1,135.80.  Elkin Decl. ¶ 11.  The parties recognize there

were significant litigation risks concerning recovery if they continued with these claims through

discovery, motion practice, and trial.  These risks included, among others, the amount

recoverable for pre-shift work, whether any FLSA violations were willful, and whether this

action could properly be maintained as a collective action through judgment.  Joint Ltr. at 6-7.

Indeed, the current settlement also provides for a three-year recovery period, which is notable

---

[1] The Plaintiffs have agreed to release Defendant from all wage and hour claims through
December 15, 2025 because that is the date through which their expert calculated damages in
anticipation of mediation.  Elkin Decl. ¶ 4.

given that Plaintiffs would have to prove Defendant willfully violated the law in order to obtain a three-year recovery period. *See* 29 U.S.C. § 255(a) (providing a two-year statute of limitations for actions under the FLSA but a three-year limitations period for "a willful violation"). In exchange for this compensation, each individual plaintiff is releasing all wage and hour claims against Defendant up to and including December 15, 2025. Joint Ltr. at 4. Such a non-mutual limited release of wage and hour claims is fair and reasonable. *See Clarke v. City of New York*, No. 23 CIV. 2158 (GS), 2024 WL 2866984, at *2 (S.D.N.Y. June 5, 2024) (finding similar limited release in case involving "hundreds" of New York City park rangers to be fair and reasonable and collecting cases holding the same).

The Court concludes the settlement amount is reasonable given the range of potential recovery and attendant litigation risks. Indeed, courts in this Circuit consistently find that settlement amounts that total one-fourth of the maximum recovery are reasonable, especially so when there are "significant litigation risks to a plaintiff achieving [its] best-case-scenario recovery." *See Al Sweiki v. Cent. Park Food Corp.*, No. 23 CIV. 5706 (AEK), 2025 WL 406729, at *2 (S.D.N.Y. Feb. 5, 2025) (concluding proposed settlement constituting "approximately 10.9 percent of Plaintiff's maximum projected recovery, and 24.7 percent of his unpaid wages" to be fair); *Andreyuk v. ASF Constr. & Excavation Corp.*, No. 19-cv-7476 (AEK), 2023 WL 3993933, at *3 (S.D.N.Y. June 14, 2023) (approving settlement amount that was 8 percent and 9 percent of two individual plaintiffs' total possible recovery); *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 323 (S.D.N.Y. 2021) (approving settlement that represented only 13% of potential recovery at trial); *Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165 (KMK), 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (concluding that the proposed settlement amounts of "slightly less than one-fourth" and 12.5% of best case scenarios

were fair); *Aguilar v. N & A Prods. Inc.*, No 19-cv-1703 (RA), 2019 WL 5449061, at *1-2 (S.D.N.Y. Oct. 24, 2019) (approving settlement of $40,000 where plaintiff's estimated possible recovery was $570,000 and collecting similar cases).

Second, the Court finds the settlement amount fair and reasonable because it will enable the parties to avoid the inevitable expenses related to proceeding with the litigation, including discovery, motion practice, and a trial. Joint Ltr. at 6-7. These burdens would be especially significant given there are 2,511 Plaintiffs in this action and counsel has already expended substantial work up to this point. Elkin Decl. ¶ 9; Pordy Decl. ¶ 17; *see also Cronk*, 538 F. Supp. 3d at 324; *Briggs v. DPV Transp., Inc.*, No. 21-cv-6738 (KMK), 2022 WL 562935, at *2 (S.D.N.Y. Feb. 23, 2022) (noting *bona fide* disputes over claims "militate in favor of approval, as settlement avoids the expense, burden, and risk associated with going to trial"); *Al Sweiki*, 2025 WL 406729, at *3; *Andreyuk*, 2023 WL 3993933, at *3.

Third, the settlement agreement was the product of arms-length bargaining between experienced counsel, with experts conducting damage calculations for both sides, at a court-annexed mediation and there is no suggestion whatsoever of fraud or collusion. Joint Ltr. at 7-8. Indeed, in reaching a settlement the parties accepted the independent Mediator's proposal. Joint Ltr. at 7-8.

In sum, the Court concludes the settlement amount to be reasonable and fair.

## II.    Service Awards

The Court also finds that the $3,000 Service Awards to the two Plaintiffs who served as settlement team members to be fair and reasonable. Courts in this Circuit have recognized that in FLSA collective actions "service awards are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming

and continuing as a litigant, and any other burdens sustained by the plaintiff." *Diaz v. Scores Holding Co., Inc.*, No. 07–CV–8718 (THK), 2011 WL 6399468, at *3–4 (S.D.N.Y. July 11, 2011) (collecting cases); *see also Wynne v. City of New York*, No. 23 Civ. 9955 (DEH) (GWG), 2024 WL 5049770, at *2 (S.D.N.Y. Dec. 10, 2024) ("Case law approves the granting of service awards in FLSA settlements."); *Sanz v. Johny Utah 51 LLC*, No. 14–CV–4380 (JMF), 2015 WL 1808935, at *1 (S.D.N.Y. Apr. 20, 2015) (same).  One of the settlement team members in this case served as a named Plaintiff and both assisted in negotiating, approving, and recommending the settlement to the collective.  Elkin Decl. ¶¶ 10, 11 (detailing the significant assistance the two members provided).  Further, the $3,000 service awards for the two members, which together constitute roughly 0.14% of the total settlement amount, are well within the range approved by courts in this Circuit.  *See, e.g.*, *Managahas v. Eight Oranges Inc.*, No. 22-cv-4150 (LJL), 2025 WL 3033658, at *16 (S.D.N.Y. Oct. 30, 2025) (approving a total of $100,000 in service awards ranging from $4,000 to $25,000, which constituted 5.7% of total settlement and collecting cases approving similar awards in FLSA cases); *Wynne*, 2024 WL 5049770, at *2 (approving service awards of $3,000 which constituted 0.3% of total settlement amount in FLSA case); *Mercado v. Metrop. Transp. Auth.*, 2023 WL 4350612, at *3 (S.D.N.Y. 2023) (approving service award of $12,500 to lead named plaintiff and $10,000 to each of four other named plaintiffs in FLSA action); *Feliciano v. Metro. Transp. Auth.*, No. 18-CV-26 (VSB), 2020 WL 8991784, at *2 (S.D.N.Y. May 6, 2020) (approving service awards of $15,000 each for five named plaintiffs who were instrumental in assisting resolution by settlement).

## III.      Attorneys' Fees and Costs

The Court also finds the requested attorneys' fees and expenses to be reasonable.  With respect to attorneys' fees, Plaintiffs' counsel requests $1,428,997.88, which is 33 and 1/3% of the

total settlement award less expenses and is consistent with each Plaintiffs' signed retainer with Plaintiffs' counsel.   Joint Ltr. at 9; *see also* Elkin Decl. ¶¶ 12, 16 ("Each Plaintiff signed an individual contingency fee agreement in this case, in which the Plaintiffs agreed to a 33 and 1/3% contingency fee."); Elkin Decl., Ex. A at 2 (retainer agreement reflecting the same); Settlement Agreement ¶ 2.4 ("Each of [Plaintiffs'] retainer agreements provide for a contingency attorney fee equal to thirty-three and one-third percent (33 1/3%) of the Settlement Amount, after deducting expenses.").

The Court finds the requested attorneys' fees reasonable and notes that courts in this Circuit "routinely award attorneys' fees based on contingent agreements up to one third of the settlement."   *See, e.g.*, *Campos v. Sixtyone Reade Pizza Inc.*, No. 19-CV-2414, 2021 WL 3501193, at *1 (S.D.N.Y. Aug. 9, 2021) (collecting cases); *Araus v. Primos Live Poultry Inc.*, No. 24-cv-1044 (MKV), 2025 WL 1616849, at *1-2 (S.D.N.Y. May 2, 2025) (approving proposed attorneys' fees of approximately one-third of the total settlement amount after deducting costs and noting courts in this circuit "commonly approve of a one-third contingency fee"); *Al Sweiki*, 2025 WL 406729, at *4 (noting the same); *Coyotecalt v. 23rd & 9th Rest. Corp.*, No. 1:23-cv-03614 (SDA), 2024 WL 1407263, at *2 (S.D.N.Y. Apr. 2, 2024).

Plaintiffs' counsel also seeks an award of $37,343.36 in expenses, which are detailed in exhibits attached to the declarations of Elkin and Pordy.  *See* Elkin Decl., Ex. C; Pordy Decl, Ex. B.   The requested expenses consist of mailing service fees, court costs, expert fees, copying, document review management, electronic research, settlement administration, travel expenses, and other litigation related expenses.  "Counsel in FLSA cases may be awarded reasonable out-of-pocket expenses that are properly substantiated."  *Al Sweiki*, 2025 WL 406729, at *4; *Wynne*, 2024 WL 5049770, at *4 (approving $17,630 in costs for nearly identical categories of

expenses); *see also McGreevy v. Life Alert Emergency Response, Inc.*, 258 F. Supp. 3d 380, 390 (S.D.N.Y. 2017) (approving $34,141.96 in expenses in FLSA action for "experts, document processing, mediation, computerized research, travel and printing"); *Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *6 (S.D.N.Y. June 20, 2016) (awarding requested expenses for "filing fees, interpreter services, proofs of service, legal research, and travel" as reasonable where substantiated). Here Plaintiffs' counsel has provided copies of invoices for its expenses. Elkin Decl., Ex. C; Pordy Decl, Ex. B. Further, the Court finds the request for costs reasonable since the costs are sufficiently substantiated and are "of the type commonly reimbursed by courts in this District." *Cortes*, 2016 WL 3455383, at *6; *McGreevy*, 258 F. Supp. 3d at 390.

## CONCLUSION

For the foregoing reasons, the settlement is approved as fair and reasonable. The Court ORDERS that the case be dismissed with prejudice. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

**Date:  July 1, 2026**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

9